J-S58032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JORGE MORALES-GASPARINI | : | |
| | : | |
| Appellant | : | No. 324 MDA 2017 |

Appeal from the Judgment of Sentence May 21, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003144-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 11, 2017**

Appellant, Jorge Morales-Gasparini, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his bench trial convictions for four (4) counts each of delivery of a controlled substance, possession with intent to distribute ("PWID"), and possession of a controlled substance, three (3) counts of corrupt organizations, and one (1) count each of criminal use of a communication facility and dealing in proceeds of unlawful activities.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In May through June 2014, a team from the Berks County District Attorney's

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(16); 18 Pa.C.S.A. §§ 911(b)(2), 7512(a), 5111(a)(1), respectively.

office surveilled a group of individuals, which included Appellant, who were suspected of selling narcotics. During surveillance, the team discovered Appellant provided transportation to and from drug transactions, answered the organization's phone to facilitate drug transactions, took instructions from superiors, and was present when customers arrived to purchase drugs. Appellant also discussed financial terms with customers and arranged for adjusted transactions based on the customers' finances. Appellant was arrested and charged with thirty-two (32) counts related to his participation in the narcotics organization.

On February 20, 2015, Appellant signed a written waiver of a jury trial and the court conducted an oral colloquy on the record. The court thoroughly explained the jury selection process and Appellant's right to a jury trial during the colloquy. When asked if Appellant wanted a jury trial or judge trial, Appellant responded, "judge trial." After a bench trial on April 24, 2015, the court convicted Appellant of four (4) counts each of delivery of a controlled substance, PWID, and possession of a controlled substance, three (3) counts of corrupt organizations, and one (1) count each of criminal use of a communication facility and dealing in proceeds of unlawful activities. The court sentenced Appellant to an aggregate term of thirteen (13) to thirty (30) years' imprisonment on May 21, 2015.

On May 27, 2015, Appellant filed a *pro se* motion for removal of counsel and a *pro se* post-sentence motion, which challenged the weight of

- 2 -

J-S58032-17

the evidence. The court entered an order permitting counsel to withdraw on May 29, 2015, and appointed new counsel on June 16, 2015. Appellant filed an amended post-sentence motion on August 13, 2015, which challenged the mandatory fine imposed for dealing in proceeds of unlawful activities, and the validity of his jury trial waiver. On September 9, 2015, the court granted in part Appellant's post-sentence motion regarding the mandatory fine, but denied in part the remaining issues in his post-sentence motion. Appellant timely filed a notice of appeal on October 6, 2015, and that same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on October 23, 2015.

On March 9, 2016, this Court dismissed Appellant's appeal for failure to file a brief. Appellant filed a *pro se* petition under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546 ("PCRA") on May 16, 2016, seeking reinstatement of his direct appeal rights *nunc pro tunc*. On May 19, 2016, the PCRA court appointed counsel, and on January 24, 2017, the PCRA court granted PCRA relief and reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed a notice of appeal *nunc pro tunc* on February 22, 2017. On March 1, 2017, the court ordered Appellant to file a Rule 1925(b) statement, which Appellant timely filed on March 21, 2017.

Appellant raises the following issues for our review:

> WHETHER THE CONSECUTIVE SENTENCES WERE MANIFESTLY EXCESSIVE, UNREASONABLE, IN VIOLATION

- 3 -

OF THE SENTENCING CODE, AND INSUFFICIENT REASONS FOR THE SENTENCE APPEAR OF RECORD?

WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS AT COUNTS 1, 2, AND 3: CORRUPT ORGANIZATIONS, WHERE THERE WAS NO EVIDENCE THAT APPELLANT, THOUGH AN ADDICT, WAS ALSO AN ORGANIZER, CONTROLLING PARTICIPANT, AND/OR INTERESTED PARTY IN ANY PATTERN OF RACKETEERING OR CORRUPT ORGANIZATION AS REQUIRED BY 18 PA.C.S.A. § 911?

WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION AT COUNT 5: DEALING IN UNLAWFUL PROCEEDS, WHERE THERE WAS NO EVIDENCE THAT APPELLANT, AN ADDICT, RECEIVED MONEY AND/OR PARTICIPATED IN A FINANCIAL TRANSACTION AS DEFINED IN 18 PA.C.S.A. § 5111?

WHETHER THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH A KNOWING AND INTELLIGENT WAIVER OF APPELLANT'S RIGHT TO A JURY TRIAL ON APRIL 24, 2015[,] WHERE NO WRITTEN COLLOQUY OR WAIVER WAS PLACED ON THE RECORD ON APRIL 24, 2015[?] RATHER, A COLLOQUY WAIVING APPELLANT'S RIGHT TO A JURY TRIAL WAS CONDUCTED, IMPROPERLY, ON FEBRUARY 20, 2015, TWO MONTHS BEFORE HIS BENCH TRIAL ON APRIL 24, 2015, WITH THIS COLLOQUY BEING STALE AND IRRELEVANT AT THE TIME OF APPELLANT'S BENCH TRIAL ON APRIL 24, 2015[.]

WHETHER APPELLANT'S BENCH TRIAL CONDUCTED [ON] APRIL 24, 2015, WAS IN ERROR AS THERE WAS NO KNOWING AND INTELLIGENT WAIVER OF A JURY TRIAL PLACED ON THE RECORD AT THE TIME OF THE BENCH TRIAL[,] WHERE THE WRITTEN "WAIVER OF JURY TRIAL" FORM FILED ON FEBRUARY 20, 2015, DOES NOT MEET THE REQUIREMENTS OF [PA.R.CRIM.P. 620] AND THE TRIAL COURT MADE NO EFFORT AT THE TIME OF THE BENCH TRIAL TO CONDUCT A TIMELY, CONTEMPORARY KNOWING AND INTELLIGENT WAIVER COLLOQUY?

WHETHER THE BENCH TRIAL WAS CONDUCTED WITHOUT A KNOWING AND INTELLIGENT WAIVER TO SHOW THAT

APPELLANT WAS OF A SOUND MIND AND KNOWINGLY AGREED TO WAIVE HIS RIGHT TO A JURY TRIAL ON APRIL 24, 2015?

(Appellant's Brief at 5-6).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a [four-part] analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, [*See* Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted); *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003) (stating issues that challenge discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in post-sentence motion).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every

element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Pennsylvania Rule of Criminal Procedure 620 governs a defendant's waiver of his right to a jury trial and provides:

**Rule 620.    Waiver of Jury Trial**

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

> [A] voluntary waiver of a trial by jury will be found to be knowing and intelligent when the on-record colloquy indicates that the defendant knew the essential ingredients of a jury trial which are necessary to understand the significance of the right being waived. These essential ingredients are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Commonwealth v. O'Donnell*, 559 Pa. 320, 337, 740 A.2d 198, 207-08 (1999).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Scott D. Keller, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 4, 2017, at 4-10) (finding: **(1)** Appellant failed to raise challenge to discretionary aspects of sentencing in his post-sentence motion or amended post-sentence motion; specifically, Appellant's post-sentence motions do not question court's imposition of consecutive sentence; Appellant has waived his challenge to discretionary aspects of sentence; **(2-3)** testimony at trial established Appellant involved himself as vital member of drug trafficking organization whose purpose was to profit in drug trade; Appellant provided transportation to and from drug transactions and answered organization's phone to facilitate drug transactions; Appellant took instructions from superiors in organization; Appellant was present when purchasers arrived to complete transactions;

Appellant did not have control of organization, but he had direct impact on daily business of organization and participated in organization's affairs; Commonwealth presented sufficient evidence to support Appellant's convictions for corrupt organizations; further, Appellant discussed financial terms with drug customers and arranged for adjusted transactions based on customers' finances; Appellant accounted for completed drug transactions and financial terms of transactions to superiors; Commonwealth presented sufficient evidence to support Appellant's conviction for dealing in proceeds of unlawful activities; **(4-6)** court orally conducted on-the-record colloquy for jury trial waiver on February 20, 2015; court explained to Appellant his right to jury trial, jury selection process, Appellant's participation in jury selection, and requirement of unanimous verdict; court enumerated Appellant's charges and instructed Commonwealth to explain maximum penalties for and elements of each offense; Appellant affirmatively responded when asked by court if he understood charges and maximum penalties; Appellant stated he wished for "judge trial"; Appellant confirmed he was not forced or threatened to waive his right to jury trial and indicated he had previously consulted with counsel; Appellant signed written jury trial waiver form on same day as oral colloquy; court informed Appellant of "essential ingredients" of jury trial before Appellant waived his right to jury trial; Appellant knowingly and intelligently waived his right to jury trial; Appellant appeared and was represented by counsel at bench trial; court

would have addressed request if counsel had indicated desire for jury trial; there is no authority for Appellant's proposition that waiver conducted prior to date of bench trial renders waiver stale, therefore, Appellant's claims are meritless).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/11/2017

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                       : BERKS COUNTY, PENNSYLVANIA
           v.                         : CRIMINAL DIVISION
                                         :

JORGE MORALES-GASPARINI       : No. CP-06-CR-3144-2014
       Appellant                     : KELLER, S.J.

**MEMORANDUM OPINION,** ⁀ᵠᵘ̣                                       **April 3 , 2017**

Following a bench trial on April 24, 2015, the Court found Appellant guilty of three (3) counts of Corrupt Organizations,[1] one (1) count of Criminal Use of a Communication Facility,[2] one (1) count of Dealing in Proceeds of Unlawful Activities,[3] four (4) counts of Delivery of a Controlled Substance,[4] four (4) counts of Possession with Intent to Deliver a Controlled Substance,[5] and four (4) counts of Possession of a Controlled Substance.[6]

On May 21, 2015, Appellant was sentenced to serve two and a half to five years of incarceration on the Corrupt Organizations conviction, with a credit of 332 days of time served.[7] The Court also sentenced Appellant to a consecutive term of two and a half to five years of incarceration on the Dealing in Proceeds of Unlawful Activities conviction. Finally, Appellant was sentenced to four consecutive two to five year terms of incarceration on the Delivery counts. Appellant was represented at trial and sentencing by Gary Dorsett, Esquire.

At sentencing, the Court granted the motion of trial counsel to withdraw from representation. On May 27, 2015, Appellant filed a *pro se* Post Sentence Motion. On June 16, 2015, the Court entered an Order appointing Kevin Feeney, Esquire as counsel for Appellant. Counsel Feeney filed an Amended Post Sentence Motion on August 13, 2015. The Court

---

[1] 18 Pa. C.S.A. § 911(b)(2)-(4).
[2] 18 Pa. C.S.A. § 7512(a).
[3] 18 Pa. C.S.A. § 5111(a)(1).
[4] 35 P.S. § 780-113(a)(30).
[5] 35 P.S. § 780-113(a)(30).
[6] 35 P.S. § 780-113(a)(16).
[7] Appellant was also sentenced to a concurrent term of one to five years of incarceration on the Criminal Use of a Communication Facility count.

1



directed the Commonwealth to respond to Appellant's post-sentence motions, which the Commonwealth did on September 2, 2015. After consideration of the filings, the Court entered an Order on September 9, 2015, granting Appellant's post-sentence motion in part[8] and denying the remaining motions.

On October 6, 2015, Appellant filed a timely Notice of Appeal to the Superior Court. The Court ordered Appellant to file within 21 days a Concise Statement of the Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed this Concise Statement on October 23, 2015. The Court issued a Memorandum Opinion on November 13, 2015, recommending that Appellant's appeal be denied. On March 9, 2016, the Superior Court dismissed Appellant's appeal for failure to file a brief.

On May 16, 2016, Appellant filed a timely Post Conviction Relief Act Petition, requesting reinstatement of direct appellate rights. On May 19, 2016, the Court appointed Osmer Deming, as counsel for Appellant in this matter. On May 24, 2016, Counsel Deming filed a Motion for Reassignment of Counsel, which the Court granted on May 25, 2016; on the same day, the Court appointed Lara Glenn Hoffert, Esquire, as PCRA counsel. On August 3, 2016, Counsel Hoffert filed a Petition for Extension of Time to File an Amended PCRA Petition or "No Merit" Letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). The Court granted Counsel Hoffert's petition on August 8, 2016. Counsel Hoffert filed two additional Petitions for Extension of Time, both of which the Court granted.[9]

BERKS COUNTY, PA

---

[8] The Court granted Appellant's post-sentence motion regarding the $100,000 fine imposed on Count 5, Dealing in Proceeds of Unlawful Activities.

[9] These Petitions were filed on October 7, 2016 and December 13, 2016. The Court granted these petitions on October 13, 2016 and December 15, 2016, respectively.

2

On December 21, 2016, Appellant filed an Amended Petition for Relief under the PCRA. The Court ordered the Commonwealth to respond to Appellant's Amended Petition, which the Commonwealth did on January 19, 2017. On January 24, 2017, after consideration of the filings, the Court granted Appellant's Amended Petition, reinstating Appellant's direct appeal rights *nunc pro tunc* and granting Appellant leave to file a direct appeal within 30 days.

On February 22, 2017, Appellant filed a Notice of Appeal to the Superior Court. On March 21, 2017, Appellant filed a Concise Statement of Errors Complained of on Appeal. The following errors are alleged on appeal[10]:

1. "Whether the consecutive sentences were manifestly excessive, unreasonable, in violation of the sentencing code, and insufficient reasons for the sentence appear of [*sic*] record?"
2. "Whether the evidence presented at trial was insufficient to support Appellant's convictions at Counts 1, 2, and 3: Corrupt Organizations, where there was no evidence that Appellant, though an addict, was also an organizer, controlling participant, and/or interested part in any pattern of racketeering or corrupt organization as required by 18 Pa. C.S.A. § 911?"
3. "Whether the evidence presented at trial was insufficient to support Appellant's conviction at Count 5: Dealing in Unlawful Proceeds, where there was no evidence that Appellant an addict, received money and/or participated in a financial transaction as defined in 18 Pa. C.S.A. § 5111?"
4. "Whether there was insufficient evidence to establish a knowing and intelligent waiver of Appellant's right to a jury trial on April 24, 2015 where no written colloquy or waiver was placed on the record on April 24, 2015. Rather, a colloquy waiving Appellant's right to a jury trial was conducted, improperly, on February 20, 2015, two months before his bench trial on April 24, 2015, with this colloquy being stale and irrelevant at the time of Appellant's bench trial on April 24, 2015."
5. "Whether Appellant's bench trial conducted April 24, 2015, was in error as there was no knowing and intelligent waiver of a jury trial placed on the record at the time of the bench trial. The written "waiver of jury trial" form was filed on February 20, 2015, does not meet the requirements of Pa.R.Crim.P. Rule 620 and the trial court made no effort at the time of the bench trial to conduct a timely, contemporary knowing and intelligent waiver colloquy."

---

[10] This Court notes for clarification that errors alleged in paragraphs 2, 3, 4, 5, and 6 were raised in a substantially similar manner in Appellant's previous appeal. Because the Superior Court dismissed Appellant's appeal for failure to file a brief, and did not substantively discuss these alleged errors, this Opinion will address these claims again.

6. "Whether the bench trial was conducted without a knowing and intelligent waiver to show that Appellant was of a sound mind and knowingly agreed to waive his right to a jury trial on April 24, 2015."

("Concise Statement of Errors Complained of on Appeal", March 21, 2017)

## DISCUSSION

### SENTENCING

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. 2006). Challenges to the discretionary aspects of sentencing do not automatically entitle an appellant to appellate review. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa.Super.2000). Instead, before discussing the merits of a claim concerning the discretionary aspects of a sentence, a court must consider "(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)". Commonwealth v. Hyland, 875 A.2d 1175 (Pa. Super. 2005), *quoting* Commonwealth v. Martin, 611 A.2d 731, 735 (Pa. Super. 1992). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing." Id.

In the instant matter, Appellant has filed a timely notice of appeal *nunc pro tunc* from the judgment of sentence imposed on May 21, 2015. However, Appellant has failed to preserve his objection to the discretionary aspect of his sentence, as this objection was not raised in his

4

original post sentence motion or in the amended post sentence motion filed by Counsel Feeney. Appellant;s *pro se* motion asserts that the conviction was against the weight of the evidence, presents alleged facts to support this assertion, and requests that an arrest of judgment be granted for the charge of Corrupt Organizations or that the Court grant a new trial. Likewise, the amended motion asserts that the mandatory fine for the conviction for Dealing in Proceeds of Unlawful Activities was unconstitutional and unjust[11], and substantially repeats what Appellant now alleges in paragraphs 2 through 5 of his Concise Statement; the relief requested is a dismissal of some convictions and a new trial on the other counts. Neither motion requests a modification of sentence or challenges the discretionary aspects of the sentence imposed on Appellant, and certainly not with regard specifically to the consecutive sentences. Accordingly, as Appellant failed to preserve the arguments in support of the discretionary aspects of his sentencing claim in his post-sentence motion, these arguments are not subject to review.

## SUFFICIENCY OF THE EVIDENCE

In paragraphs 2 and 3 of his Concise Statement, Appellant alleges that the evidence was insufficient for his convictions for Corrupt Organizations and Dealing in Unlawful Proceeds. A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. Commonwealth v. Snyder, 870 A.2d 336 (Pa. Super. 2005). The state Supreme Court has stated the proper review standard as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain

---

[11] See footnote 8.

5

its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1236 n.2 (Pa. 2007), *citing* Commonwealth v. Lambert, 795 A.2d 1010, 1014-15 (Pa. Super. 2002). "Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." Commonwealth v. Stays, 40 A.3d 160, 167 (Pa. Super. 2012), *citing* Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa. Super. 2001)).

### Corrupt Organizations

Defendant was found guilty of three (3) counts of Corrupt Organizations. The Corrupt Organizations statute provides:

> (1) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity in which such person participated as a principal, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise: Provided, however, That a purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issue held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern of racketeering activity after such purchase, do not amount in the aggregate to 1% of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer: Provided, further, That if, in any proceeding involving an alleged investment in violation of this subsection, it is established that over half of the defendant's aggregate income for a period of two or more years immediately preceding such investment was derived from a pattern of racketeering activity, a rebuttable presumption shall arise that such investment included income derived from such pattern of racketeering activity. .
>
> (2) It shall be unlawful for any person through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise.

6

(3) It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

(4) It shall be unlawful for any person to conspire to violate any of the provisions of paragraphs (1), (2) or (3) of this subsection.

18 Pa. C.S.A. § 911(b). A "racketeering activity" is defined as "an offense indictable under...The Controlled Substance, Drug, Device and Cosmetic Act..." § 911(h)(1)(ii). A "pattern of racketeering activity" "refers to a course of conduct requiring two or more acts of racketeering activity..." § 911(h)(4).

The testimony at the bench trial clearly established that Appellant was a vital member of a corrupt organization with the purpose of profiting in the drug trade. Appellant provided transportation to and from drug transactions. (N.T. 4/24/15 at p. 63). Appellant was responsible for answering the organization's telephone to facilitate drug transactions. (N.T. 4/24/15, Exhibit 2 at p. 110-13, 127-31, 139-41, 144-50, 155-57, 160-73, 176-83, 194-95, 210-16, 249-50, 253-57, 261-63, 668-77, 281-341, 348-356). Appellant took instructions from and accounted to his superiors in the organization. (N.T. 4/24/15 at p. 98-100). Appellant was also entrusted to be present when customers arrived to complete drug transactions. (N.T. 4/24/15 at p. 73, 84-85, 98). That Appellant was not the ultimate controller of this corrupt organization should not invalidate the fact that Appellant had a direct impact on the organization's daily business: Appellant was clearly associated with this enterprise and participated in the conduct of the enterprise's affairs. This evidence was thus sufficient to support Appellant's Corrupt Organizations' convictions.

## Dealing in Proceeds of Unlawful Activities

"A person commits a felony of the first degree if the person conducts a financial transaction ...: With knowledge that the property involved, including stolen or illegally obtained

7

property, represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity." 18 Pa. C.S.A. § 5111(a)(1). A "financial transaction" is defined as "[a] transaction involving the movement of funds by wire or other means or involving one or more monetary instruments". § 5111(f).

As described above, the testimony presented at trial established Appellant's role in a drug trafficking organization for profit. Appellant discussed financial terms with drug customers and arranged for adjusted transactions based on customers' finances. (N.T. 4/24/15 at p. 107). Appellant also accounted for the drug transactions completed and the financial terms to his superior in the organization. (N.T 4/24/15 at p. 99-100, Exhibit 2, at 281-87). In considering the evidence presented and the reasonable inferences that could be drawn therefrom, the Court believes that there was sufficient evidence presented to support Appellant's Dealing in Proceeds of Unlawful Activities conviction. Accordingly, the Court finds no merit in the alleged errors presented in paragraphs 2 and 3.

## WAIVER OF JURY TRIAL

In paragraphs 4, 5, and 6, Appellant challenges the sufficiency of his waiver of a jury trial conducted on February 20, 2015. "In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury." Pa. R. Crim. P. 620. "The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record." Id. "To be valid, it is well settled that a jury waiver must be knowing and voluntary, and the accused must be aware of the essential ingredients inherent to a jury trial." Commonwealth. v. Houck, 948 A.2d 780, 787 (Pa. 2008) (internal citations omitted). "[The] essential ingredients, basic to the concept of a jury trial, are the

8

requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." Commonwealth v. Mallory, 941 A.2d 686, 696-97 (Pa. 2008) (internal citations omitted). "[I]t is the defendant's burden, and not the Commonwealth's, to establish that a jury waiver is invalid." Houck. at 788.

The Court conducted a thorough colloquy with Appellant on the record on February 20, 2015. The Court explained to Appellant his absolute right to a trial by jury, the jury selection process, his participation in that process, and the requirement of a unanimous verdict. (N.T. 2/20/15 at p. 4-6). The Court likewise enumerated the charges Appellant faced, and instructed the Assistant District Attorney to explain the elements of each offense and the maximum penalties for each. (N.T. 2/20/15 at p. 7-9). Appellant affirmed, when asked by the Court, if he understood the charges and maximum penalties. (N.T. 2/20/15 at p. 9). When then asked by the Court if he wished to waive his right to a jury trial, Appellant answered "Judge trial". (N.T. 2/20/15 at p. 9-10). Appellant further affirmed that he had not been forced or threatened to give up his right to a jury trial, that he was acting of his own free will, and that he had consulted with counsel before making this decision. (N.T. 2/20/15 at p. 10). Finally, Appellant also signed a written waiver form on the same date. Id.

Given this evidence, the Court believes that Appellant knowingly and intelligently waived his right to a jury trial. The record indicates that the Court did inform Appellant of the "essential ingredients" of a jury trial before Appellant waived his right to a jury trial. Moreover, on the date of his bench trial, Appellant appeared and was represented by counsel. If counsel had indicated to the Court any desire to request a jury trial, the Court would have addressed that request. (N.T 4/24/15 at p. 6). Finally, the Court has found no authority that a waiver conducted

9

in advance of the bench trial date is inappropriate and renders the waiver ineffective. Therefore, Appellant's alleged errors in paragraphs 4, 5, and 6 are meritless.

Therefore, based on the reasons set forth above, this Court respectfully requests that Appellant's appeal be **DENIED**.

BY THE COURT:

_____
**Scott D. Keller, Senior Judge**

DISTRIBUTION: Clerk of Court; CIM; Judge; District Attorney; Lara Glenn Hoffert, Esq.; Defendant

BERKS COUNTY, PA
2017 APR -4 AM 10: 14



Courthouse, 4th Floor
633 Court Street
Reading, PA 19601-3585

Phone: 610.478.6550

BethAnn G. Hartman, Chief Deputy
James M. Polyak, Solicitor
Daryl F. Moyer, Solicitor, Emeritus

James P. Troutman, Clerk of Courts

**PROOF OF SERVICE**      Docket No. 3144-14

I, *Amanda Mullen*, certify that I served the within documents upon the following:

(X) District Attorney    ( ) Solicitor    ( ) Prison Society    ( ) CYS
( ) Public Defender    ( ) Court Reporter    ( ) Controller    ( ) Ct Admin
( ) Adult Probation    ( ) Prothonotary    ( ) commissioner    ( ) GAL
( ) Bureau of Traffic Safety    ( ) Sheriff    ( ) Bar Association
( ) Reading Central Court    ( ) MHMR    ( ) Reading Eagle
( ) Law Library    ( ) Dr. Rotenberg    ( ) Beth
( ) BCP Records    ( ) TASC    (X) Computer
(X) Judge _____Keller_____
( ) District Justice _____
( ) Police Department _____

On the _____ day of _____, 20 ____.

(X) Defendant and/or Claimant by mailed a certified copy thereof to the following address:

_____

_____

On the _____ day of _____, 20 ____.

(X) Defendant's attorney by mailing a certified copy thereof to:

_____

On the 5 day of April, 20 17.

Statements in this proof of service are made subject to the penalties for unsworn falsification to authorities under the Crimes Code 4904 (18 PACS 4904).

_____
Signature of Server

*Dedicated to public service with integrity, virtue & excellence*

**www.countyofberks.com**

# File Copy Recipient List

Addressed To:    Lara Christine Glenn Hoffert (PCRA Counsel)
Sodomsky & Nigrini
606 Court St Ste 200
Reading, PA 19601-3539

Jorge Morales-Gasparini (Defendant)
SCI Forest DOC# MA9193
PO Box 945
Marienville, PA 16239